**BERRY LAW PLLC**
745 FIFTH AVENUE, 5th Floor
NEW YORK, NEW YORK 10151
*Phone (212) 355-0777*
*Fax (212) 750-1371*

Eric W. Berry (NY)
*e-mail BerryLawPllc@gmail.com*

November 10, 2026

*by ECF:*
Hon. Hector Gonzalez, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *El Magmoua El Togaria et ano v. MAG Apparel USA, Inc., et ano.*
Case No. 26 Civ. 04892 (HG)

Your Honor:

This letter is submitted jointly by plaintiffs and defendants as the parties' joint letter describing the case and as a joint letter-motion for an extension of time.

On September 11, 2026, the Court extended defendants' time to answer or otherwise respond to the Complaint and the parties' time to file a joint letter describing the case and a completed Civil Case Management Plan to November 10, 2026 (today).Under Part IV, Section A(2) of Your Honor's Individual Practices, defendants' pre-motion letter in advance of their anticipated Rule 12(b)(6) motion is likewise due today.

The joint description of the case is set forth below.

**Joint Request for Extension of Time and Proposed Schedule**

Defendants intended to file today their pre-motion letter in anticipation of a motion to dismiss under Rule 12(b)(6) which was relayed to Plaintiffs. Plaintiffs advised defendants that they intend to file an amended complaint as of right under Rule 15(a)(1)(B), which will supersede the Complaint and moot any motion directed to it. Rather than burden the Court with a pre-motion letter and motion addressed to a pleading about to be replaced, the parties jointly and respectfully request that the Court:

(1) direct plaintiffs to file their Amended Complaint by November 20, 2026;

(2) extend defendants' time to answer or otherwise respond to the Complaint, currently due November 10, 2026, pending the filing of the Amended Complaint;

(3) direct defendants to answer or otherwise respond to the Amended Complaint, including by filing any pre-motion letter under Part IV.A of Your Honor's

Individual Practices, by December 11, 2026, or, if plaintiffs do not file an Amended Complaint by November 20, 2026, to answer or otherwise respond to the Complaint by December 11, 2026; and

(4) adjourn the parties' deadline to file a completed Civil Case Management Plan, currently November 10, 2026, to fourteen days after defendants answer the Amended Complaint or the Court resolves any motion to dismiss it, and stay discovery until that date.

This is the parties' second request for an extension of these deadlines. The parties' first request (ECF No. 12) was granted by the Court's September 11, 2026 Order. All parties join in this request. No other dates, including conference dates, are currently scheduled.

Compelling circumstances support the requested relief. First, the Amended Complaint will moot any motion directed to the current Complaint; the proposed schedule therefore conserves, rather than consumes, the resources of the Court and the parties. Second, defendants' counsel has been engaged in a bench trial in Supreme Court, Kings County, since October 13, 2026, and that trial is ongoing. Third, plaintiffs' counsel spent the preceding weeks engaged in expedited discovery and multiple mediation sessions in an action in the Southern District of New York that settled on November 6, 2026. Finally, a stay of discovery is warranted because plaintiffs' claims reach back to 2007 and implicate nearly two decades of records, and the scope of the case will not be fixed until the pleadings are settled.

**Joint Description of the Case**

Plaintiffs El Magmoua El Togaria ("Magmoua") and Hossam El-Din Mohamed Mohab seek to recover from MAG Apparel USA, Inc. and Youssef Allahham, a New York citizen, half of the profits of an alleged joint venture that plaintiffs contend was formed in 2007.

There is no formal joint venture agreement, and plaintiffs will rely on a series of written communications they received from defendants over at least 13 years (including informal "accountings" and profit summaries) in their attempt to establish enforceable rights and obligations. Plaintiffs allege that each side contributed $202,010.42 in capital at the outset of the agreement, in accordance with what was effectively a written term sheet. Plaintiffs further allege that part of the venture involved Magmoua shipping apparel from its Egyptian factory to U.S. distributors, with MAG-USA invoicing and collecting payment from those customers in consideration for a six percent commission. Plaintiffs also allege that MAG-USA imported apparel from other overseas sources, pursuant to arrangements made by plaintiffs with their suppliers throughout the world, and that the imported apparel was profitably resold within the United States. Plaintiffs contend that they are entitled to fifty percent of all profits generated by the venture, and assert claims for an accounting, breach of contract, breach of the implied covenant of fair dealing and breach of fiduciary duty. Defendants deny that any joint venture was

formed and deny liability.

Thank you for your attention to this matter.

Respectfully submitted,

/s/Eric W. Berry
Eric W. Berry
*for plaintiffs*

/s/Jason Rebhun
Jason Rebhun
*for defendants*

.